```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

| | |
|---|---|
| AZEEZ P. ADEDUNTAN,<br>VICTORY VASCULAR & GENERAL<br>SURGERY OF GEORGIA, P.C. | *<br>*<br>*<br>* |
| Plaintiffs, | *<br>* |
| v. | *   Case No. 3:04-CV-65 (CDL)<br>* |
| HOSPITAL AUTHORITY OF CLARKE<br>COUNTY d/b/a ATHENS REGIONAL<br>MEDICAL CENTER, ATHENS REGIONAL<br>MEDICAL CENTER, INC., ATHENS<br>REGIONAL HEALTH SERVICES, INC.,<br>ATHENS VASCULAR SURGERY, P.C.,<br>DAVID M. SAILORS, MARK J.<br>CONSTANTINO, | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |
| Defendants. | * |

O R D E R

On August 25, 2005, the Court entered an Order that *inter alia* found that Plaintiffs were entitled to limited discovery of materials that may be subject to the Georgia Peer Review Statute. The Court restricted that discovery to "those materials that pertain to the peer review specifically undertaken of Dr. Adeduntan arising from the emergency AAA surgery that precipitated the peer review in the first place." Order at p. 29. Subsequent to this Order, the parties moved forward with scheduling the permitted discovery. During that process, a disagreement arose between the parties as to the extent of the discovery of peer review materials the Court intended to allow. The Court therefore finds it necessary to articulate more precisely the extent of permissible discovery of peer review materials.

The Court found that Plaintiffs were entitled to discovery of peer review materials notwithstanding Georgia's strong peer review statute because Plaintiffs had the right in asserting their state law

claims to rebut the Athens Vascular Defendant's federal peer review immunity defense. The only way to do that was to be able to explore in a limited manner the peer review process. The Court further found that Plaintiff's efforts to discover evidence to support his federal civil rights discrimination claim should not be thwarted by Defendants' assertion of a state law privilege, no matter how important that privilege may be. The question now before the Court is to what extent should Plaintiff be permitted to discover state law privileged materials in his efforts to vindicate his rights under federal law.

In answering this question, it is important to recognize the limited nature of Plaintiff's remaining claims. The only claims presently pending are Plaintiff's claims against Dr. Sailors, Dr. Constantino, and their professional corporation for the intentional and negligent infliction of emotional distress under Georgia law and for race discrimination under the federal civil rights statutes. Each of these claims is predicated upon the alleged conduct of Dr. Sailors and Dr. Constantino during the peer review process involving Dr. Adeduntan and the AAA surgery described in the Court's previous Order. Furthermore, in order to rebut the Defendant's federal peer review immunity defense, it would be necessary to establish some connection between Dr. Constantino and Dr. Sailors to the peer review process. Therefore, Plaintiff's discovery of peer review materials should be limited to evidence relating to the involvement of Drs. Constantino and Sailors in that peer review process. The involvement of other medical personnel in the peer review of Dr. Adeduntan, except as it relates to information they may have as to the involvement of Dr. Sailors and Dr.

Constantino, is irrelevant and not discoverable. Moreover, that part of the peer review process that involves the evaluation of other medical personnel other than Dr. Adeduntan is irrelevant except to the extent that Dr. Sailors and Dr. Constantino were involved in that evaluation.[1]

Accordingly, Plaintiff shall be permitted to engage in the limited discovery of peer review information as described above. Nothing in this order prohibits Plaintiff from engaging in the discovery of non-peer review evidence. Any discovery requests seeking non-peer review evidence shall be subject to the traditional restrictions under the Federal Rules of Civil Procedure. Those requests must seek relevant evidence or be reasonably calculated to lead to the discovery of admissible evidence.

IT IS SO ORDERED, this 17th day of November, 2005.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that evidence that other medical personnel involved in the AAA surgery were treated differently from Plaintiff may possibly be relevant on the issue of whether Defendants Sailors and Constantino were motivated by racial considerations, assuming that these other medical personnel were similarly situated to Plaintiff and assuming that Drs. Constantino and Sailors had any involvement in Plaintiff's peer review and its outcome. However, such evidence has no relevance to this litigation unless and until Plaintiff establishes that Drs. Sailors and Constantino were involved in Plaintiff's peer review. If Plaintiff is able to establish these Defendants' connection to the peer review and its outcome, then the Court will provide Plaintiff with the opportunity to convince the Court that additional discovery of peer review evidence is necessary to show Defendants were motivated by racial considerations.

3