```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    ATHENS DIVISION
```

AZEEZ P. ADEDUNTAN, M.D.; and       *
VICTORY VASCULAR & GENERAL
SURGERY OF GEORGIA, P.C.,           *

    Plaintiffs,                  *

vs.                                 *
                            CASE NO. 3:04-CV-065 (CDL)
HOSPITAL AUTHORITY OF CLARKE       *
COUNTY d/b/a ATHENS REGIONAL
MEDICAL CENTER; ATHENS REGIONAL    *
MEDICAL CENTER, INC.; ATHENS
REGIONAL HEALTH SERVICES, INC.;    *
ATHENS VASCULAR SURGERY, P.C.;
DAVID M. SAILORS, M.D.; MARK J.    *
COSTANTINO, M.D.; BUSINESS DOES
1-25; and INDIVIDUAL DOES 1-25,    *

    Defendants.                  *

                                  *

## O R D E R

Defendants Dr. David M. Sailors, Dr. Mark J. Costantino, and Athens Vascular Surgery, P.C.,[1] have prevailed on the claims asserted against them in the above-captioned lawsuit. Drs. Sailors and Costantino now seek to recover the attorney's fees and costs associated with their defense of Plaintiff's claims. Presently before the Court are Dr. David M. Sailors and Dr. Mark J. Costantino's Motion for Attorney's Fees and Costs (Doc. 228) and Dr. David M. Sailors and Dr. Mark J. Costantino's Motion for Leave to

---

[1]The Court will refer to these parties collectively as the "AVS Defendants."

1

File Amended Answer and Counterclaim (Doc. 230). For the following reasons, the Court grants both of Defendants's motions.

PROCEDURAL BACKGROUND

This lawsuit arose out of a medical peer review of Plaintiff Dr. Azeez P. Adeduntan's performance during an emergency abdominal aortic aneurysm surgery at Athens Regional Medical Center ("Athens Regional"). On July 1, 2004, Plaintiff filed suit against the Hospital Authority of Clarke County (doing business as Athens Regional Medical Center), Athens Regional Medical Center, Inc., Athens Regional Health Services, Inc.,[2] and the AVS Defendants. Plaintiff asserted federal claims for racial and national origin discrimination, antitrust violations, and state law claims for negligent and intentional infliction of emotional distress. The Court ultimately granted summary judgment in favor of Defendants on each of Plaintiff's claims. (*See* Order 29-30, Aug. 25, 2005; Order 19-20, Sept. 21, 2006.)

Pursuant to an Applicant's Consent and Release ("Release") between Plaintiff and Athens Regional, the ARMC Defendants also asserted a counterclaim for attorney's fees and costs. Plaintiff and the ARMC Defendants filed cross motions for summary judgment on this counterclaim. On July 11, 2006, the Court granted summary judgment in favor of the ARMC Defendants upon finding that the Release obligated Plaintiff to reimburse Athens Regional for attorney's fees

---

[2]The Court will refer to these parties collectively as the "ARMC Defendants."

and costs. (Order 12-13, July 11, 2006 [hereinafter Countercl. Order].) The Court also concluded that it could not determine the amount of Plaintiff's obligation based upon the record at summary judgment, and that issue remains pending. (*Id.*)

Drs. Sailors and Costantino believe that the Release likewise obligates Plaintiff to reimburse their reasonable attorney's fees and costs. On October 13, 2006, Defendants filed two motions related to this issue: a motion for attorney's fees and costs, and a motion for leave to amend their pleadings to add a counterclaim for such fees and costs. Plaintiff opposes both of these motions.

DISCUSSION

**I. Motion to Amend**

Drs. Sailors and Costantino first seek leave to amend their answer to add a counterclaim for contractual attorney's fees under the Release. Plaintiff opposes this request based on Defendants's failure to show "good cause" for filing their motion outside the time designated in the scheduling and discovery order. Plaintiff also argues that permitting the addition of the counterclaim would unduly prejudice Plaintiff.

A. Standard of Review

The Federal Rules of Civil Procedure state that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (2006). However, "trial courts have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC*

3

*Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006). A court may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2006); *see also Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) [hereinafter *Evergreen Foliage*]. Additionally, "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend . . . should be granted." *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007); *see also* Fed. R. Civ. P. 16(b) (2006).

### B. Timeliness

Plaintiff first argues that the motion to amend is untimely because Defendants filed such motion, without good cause, outside the time prescribed by the scheduling and discovery order. Defendants maintain that their motion is timely under Rule 13(e), which provides that "[a] claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." Fed. R. Civ. P. 13(e) (2006).

Under the Release, Plaintiff agreed to reimburse covered defendants for "any and all costs incurred in defending" a legal action in which Plaintiff "do[es] not prevail[.]" (*See*, *e.g.*, Ex. F to Br. in Supp. of ARMC Defs.' Mot. for Summ. J. on Their Countercl. for Attorney's Fees & Costs, Applicant's Consent and Release ¶ D(6), March 24, 2003.) It is clear from this language that the Release did not obligate Plaintiff to reimburse Defendants' attorney's fees until the Court granted summary judgment in favor of Defendants on Plaintiff's claims. In other words, Defendants' rights did not mature until Plaintiff "[did] not prevail." (*Id.*) Defendants filed their motion to amend within thirty days of the September 21, 2006 summary judgment order, and the Court finds that filing the motion within thirty days of the date their claim matured was reasonable and timely.

### C. Prejudice

Plaintiff also contends that permitting Defendants to proceed with their counterclaim will cause him undue prejudice. The Court rejects Plaintiff's argument. First, Defendants clearly requested "attorney's fees, costs, and expenses" in their original answer to Plaintiff's complaint, which Defendants timely filed on September 1, 2004. (Answer & Defenses of Defs. Athens Vascular Surgery, Dr. David M. Sailors, & Dr. Mark J. Costantino 26.) Plaintiff cannot genuinely dispute that he received sufficient notice of Defendants' intent to seek attorney's fees. Second, for the reasons stated in Part II of

5

this Order, the issue of whether Defendants are entitled to recover their fees and expenses can be determined as a matter of law based upon the present record. Since discovery is not necessary to make that determination, Plaintiff is not prejudiced because of a lack of discovery on the issue. The Court does recognize that genuine issues of material fact exist as to the amount of the fees and expenses to which Defendants are entitled, and therefore, the Court will permit Plaintiff to engage in limited discovery on that issue. Permitting such discovery eliminates any possible prejudice associated with Plaintiff's right to defend against the fee claim.

Based on the foregoing, Defendants' motion to amend is granted and Defendants' pleadings are deemed amended to include a contractual claim for litigation expenses, including attorney's fees.

## II. Motion for Attorney's Fees & Costs

Defendants argue that the Release entitles them to recover reasonable attorney's fees as a matter of law. Drs. Sailors and Costantino primarily rely upon the language of the Release to support their claim.[3] In its order granting summary judgment to the ARMC Defendants on their counterclaim, this Court thoroughly analyzed the language of the Release. (*See generally* Countercl. Order.) Plaintiff remains bound by the relevant holdings expressed therein.

---

[3]Dr. Sailors and Costantino alternatively argue that they are entitled to recover as the prevailing party under 42 U.S.C. § 1988. Since the Court concludes that the Release entitles them to recover fees and costs, the Court need not consider whether Defendants are likewise entitled to recover under this statute.

Plaintiff here argues that despite these prior rulings, Drs. Sailors and Costantino are not entitled to prevail on their motion for attorney's fees and costs.  First, Plaintiff asserts that the present motion failed to comply with the procedural requirements of Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54.1.  Second, Plaintiff argues that Drs. Sailors and Costantino failed to establish any basis in law or fact entitling them to an award of fees and costs.  To the extent the parties raise issues not previously considered, the Court will address them below.[4]

A. Compliance with Rule 54 and Local Rule 54.1

Plaintiff first contends that Defendants's motion was untimely under Rule 54 and Local Rule 54.1.[5]  Pursuant to Rule 54, a motion for

---

[4] Plaintiff also maintains that Article 6 of the Medical Staff Bylaws of Athens Regional eliminates Defendants' rights to collect attorney's fees from Plaintiff.  Article 6 provides that

> [a]ll Medical Staff . . . who act for and on behalf of the hospital in discharging their hospital responsibilities and professional review activities pursuant to these bylaws, the Credentialing Policy, and/or Medical Staff Organization and Functions Manual shall be indemnified when acting in those capacities, to the fullest extent permitted by law.

(Attach. to Ex. B to Second Newlin Aff., Oct. 24, 2006.)  In short, Plaintiff contends that Article 6 requires Drs. Sailors and Costantino to pursue their claim for attorney's fees against Athens Regional, not Plaintiff.  Plaintiff failed to provide any legal support for his position, and the Court finds this argument wholly without merit.  Even assuming that Article 6 required Athens Regional to pay the fees incurred by Drs. Sailors and Costantino in defending against Plaintiff's claims, Athens Regional would have a strong argument that the Release obligates Plaintiff to reimburse Athens Regional for such expense.

[5] Plaintiff also argues that Drs. Sailors and Costantino failed to include certain documents which are necessary under Local Rule 54.1:

a. An itemized bill in which all segments of time are identified as to the nature of the work performed;

7

attorney's fees "must be filed no later than 14 days after entry of judgment[.]"  Fed. R. Civ. P. 54(d)(2)(B) (2006); *accord* M.D. Ga. R. 54.1 ("[A] motion for attorney's fees must be filed within fourteen (14) days from the entry of judgment by the clerk unless otherwise provided by statute.").  Plaintiff maintains that Defendants filed the present motion more than fourteen days after the Court granted their motion for summary judgment on Plaintiff's claims, which disposed of all claims against Drs. Sailors and Costantino and thus constituted a "final judgment" with respect to those defendants.  Defendants argue that Rule 54 and Local Rule 54.1 do not apply to their motion because the September 21, 2006 order is not a "judgment" within the meaning of those rules.

In light of the Court's ruling allowing Defendants to pursue their claim for litigation fees and expenses as a counterclaim based upon substantive contract law, it is not necessary for Defendants to assert their substantive counterclaim pursuant to Rule 54 and Local

---

      b.    A breakdown of time for <u>each</u> attorney working on the case;
      c.    The hourly rate applicable and an explanation of how that hourly rate was arrived at; and
      d.    A certification by the requesting attorneys that the work performed was reasonably necessary to the preparation and presentation of the case.

M.D. Ga. R. 54.1.

Rule 54.1.[6] Since Rule 54 and Local Rule 54.1 do not apply, Defendants are not bound by the requirements of those rules.

B. Right to Recover Under the Release

Plaintiff next argues that Drs. Sailors and Costantino are not entitled to fees and costs under the language of the Release. It is undisputed that Plaintiff was required to execute the Release in order to apply for medical staff appointment and privileges at Athens Regional, and Plaintiff's signature appears on multiple copies. (*See*, *e.g.*, Ex. C to Br. in Supp. of ARMC Defs.' Mot. for Summ. J. on Their Countercl. for Attorney's Fees & Costs, Applicant's Consent and Release, June 9, 1997; Ex. F to Br. in Supp. of ARMC Defs.' Mot. for Summ. J. on Their Countercl. for Attorney's Fees & Costs, Applicant's Consent and Release, March 24, 2003 [hereinafter Release].) The Release provides, in relevant part:

> If . . . I [Plaintiff] institute legal action against the Hospital [Athens Regional] and/or its Medical Staff members and do not prevail, I agree to reimburse the Hospital and any Medical Staff members named in the action for any and all costs incurred in defending such legal action, including reasonable attorneys' fees.

(Release ¶ D(6).)

This Court has already determined that "[t]he Release . . . applies to the instant case" and "the Release and the conditions

---

[6]Rule 54 explicitly applies to "[c]laims for attorneys' fees . . . made by motion *unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.*" Fed. R. Civ. P. 54(d)(2)(A) (2006) (emphasis added). Therefore, since "the substantive law governing the action provides for the recovery," *id.*, the time constraints of Rule 54 do not apply.

9

contained therein are valid and enforceable." (Countercl. Order at 11, 12.) The Court likewise determined that "the merger clause in the PRRA does not extinguish the Release." (*Id.* at 12.) Finally, the Court determined that the Release entitles "the Hospital," Athens Regional, "to recover its litigation expenses, including attorney's fees, reasonably incurred in defending Dr. Adeduntan's lawsuit against it." (*Id.*) Although Plaintiff attempts to reassert each of these issues, he is bound by the Court's prior rulings and cannot defeat Defendants' motion on any of these grounds.

The only language not addressed in the Court's previous order is the phrase "Medical Staff members named in the action." Plaintiff does not dispute that Drs. Sailors and Costantino qualify as members of the Athens Regional "Medical Staff," or that Plaintiff "named [them] in the action" upon which Plaintiff did not prevail. (*See* Release ¶ D(6).) Even if Plaintiff were to argue that Drs. Sailors and Costantino are not "Medical Staff members" covered by the Release, the Court could easily resolve any ambiguity in this term by looking to the Medical Staff Bylaws, which define "Medical Staff" as "all physicians, dentists, and podiatrists who are granted privileges to treat patients at the hospital[.]" (Ex. 1 to Dr. David M. Sailors & Dr. Mark J. Costantino's Mot. for Attorney's Fees & Costs, Medical Staff Bylaws of Athens Regional Medical Center, May 25, 1999.)

Since Drs. Sailors and Costantino qualify as "Medical Staff members" covered by the Release, they are entitled to recover "all costs [they] incurred in defending [Plaintiff's unsuccessful] legal action, including reasonable attorney's fees." (Release ¶ D(6).) Those expenses shall be limited to expenses incurred by Drs. Sailors and Costantino as to the claims asserted against them. Drs. Sailors and Costantino shall not recover expenses incurred in defense of any other defendants, such as Athens Vascular Surgery, P.C. The Court, however, cannot determine from the present record the *amount* of expenses that are directly attributable to a defense of the claims made against Drs. Sailors and Costantino. Therefore, judgment as a matter of law is not appropriate as to the amount that Defendants may recover on their counterclaim. That issue remains pending for trial.

CONCLUSION

For the reasons stated herein, the Court grants Dr. David M. Sailors and Dr. Mark J. Costantino's Motion for Leave to Filed Amended Answer and Counterclaim (Doc. 230). The Court also finds as a matter of law that Dr. Sailors and Dr. Costantino are entitled to recover litigation expenses, including reasonable attorney's fees, incurred as a result of having to defend against Plaintiff's claims. Therefore, Dr. David M. Sailors and Dr. Mark J. Costantino's Motion for Attorney's Fees and Costs (Doc. 228) is granted as to their legal entitlement to recover their fees and expenses. Since genuine issues

of material fact exist as to the amount of fees and expenses they are entitled to recover, that issue shall be decided at trial.[7]

The parties have been ordered to attend a pretrial conference on August 19, 2008 and to submit a proposed pretrial order in advance of that conference. The parties shall include in their proposed pretrial order a schedule for completing any discovery that is necessary on the issue of the amount of litigation fees and expenses to which Defendants may be entitled. This schedule should take into account that the Court intends to try all issues related to the amount of Defendants's attorney's fees during its next term of court in Athens, Georgia, which is scheduled to begin on Monday, October 6, 2008. Therefore, all discovery should be completed by that time.

IT IS SO ORDERED, this <u>31st</u> day of July, 2008.

<u>S/Clay D. Land</u>
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[7]Also pending before the Court is Plaintiff's Motion to Strike or Alternatively for Protective Order (Doc. 235), in which Plaintiff asks the Court to strike the Statement of Material Facts of Dr. Sailors and Dr. Costantino to Which There are No Genuine Issues to be Tried in Support of Motion for Attorney's Fees and Costs (Doc. 229). Since the Court did not consider this document in ruling on the other pending motions, Plaintiff's motion is denied as moot.